

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 4, 1968

Hon. John Kinross-Wright
Commissioner, Texas Department
  of Mental Health & Mental
  Retardation
Box S, Capitol Station
Austin, Texas  78711

Opinion No. M-178

Re: Responsibility for burial
    of indigent patients who
    die while on furlough from
    a state hospital or while
    in a state hospital.

Dear Dr. Kinross-Wright:

In your request for an opinion from this office, you state the following:

"Our department has an increasing number of its elderly patients who are furloughed to licensed nursing homes with funds available through the State Department of Public Welfare. We are advised that such Public Welfare benefits do not include any funds for the burial of such indigent furloughed patients.

"In attempting to determine where the responsibility for such burial arrangements and costs belong we noted that Article 912a-20, V.C.S. appears to place such burden on the County in which the death occurs, but it has been held in Attorney General's Opinion No. 0-2392 that the State was impliedly obligated to shoulder this responsibility under provisions of Art. 3241 V.C.S. which is almost identical language to the present Art. 3196a under which this department functions.

"Please advise us who is authorized and required to bury indigent patients who die:

"(a)  While on furlough from a state hospital?

-855-

"(b) While in a state hospital?"

Article 912a-20 and Article 2351, Section 12, Vernon's Civil Statutes, state that the Commissioners Court shall provide for the burial of paupers. However, in Article 3196a, Vernon's Civil Statutes, relative to indigent patients admitted to state hospitals, the statute provides as follows:

"Section 1. Patients admitted to State hospitals and State psychopathic hospitals shall be of two classes, to wit:

"Indigent patients;

"Non-indigent patients;

"Indigent patients are those who possess no property of any kind nor have anyone legally responsible for their support, and who are unable to reimburse the State. This class shall be supported at the expense of the State."

In Attorney General's Opinion No. O-2392 (1940) a similar statute (Article 3241, Vernon's Civil Statutes) was construed to make the State and not the county liable for the burial of public indigent patients who reside in the county and die in the State sanitorium. In your request you stated that you have a copy of this opinion.

The reasoning of Attorney General's Opinion No. O-2392 (1940) and the authority cited therein, control the questions under consideration. It is therefore the opinion of this office that it is the obligation of the State to bury indigent patients who die while in a State hospital or on furlough from a State hospital.

## SUMMARY

Under the provisions of Article 3196a, Vernon's Civil Statutes, it is the obligation of the State of Texas to bury indigent patients who die while in a State hospital or while on furlough from a State hospital.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Bill Allen
Z. T. Fortescue
Pat Cain

A. J. CARUBBI, JR.
Staff Legal Assistant